# ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
DynPort Vaccine Company LLC ) ASBCA No. 59298
)
Under Contract No. DAMD17-98-C-8024 )

APPEARANCES FOR THE APPELLANT: Carl J. Peckinpaugh, Esq.
Brian F. Wilbourn, Esq.
  Counsel
  Computer Sciences Corporation
  Falls Church, VA

APPEARANCES FOR THE GOVERNMENT: Raymond M. Saunders, Esq.
  Army Chief Trial Attorney
Kyle E. Chadwick, Esq.
  Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE JAMES ON APPELLANT'S MOTION TO DISMISS COUNT 3 OF THE GOVERNMENT'S COMPLAINT

The Board's 15 January 2015 decision denied the government's motion to dismiss the captioned appeal for lack of jurisdiction and ordered the government to file the complaint on its claim. *See DynPort Vaccine Company LLC*, ASBCA No. 59298, 15-1 BCA ¶ 35,860 at 175,334 (DVC). Familiarity with that decision is assumed. Hence we summarize only the facts pertinent to the instant motion.

The captioned contract incorporated by reference the FAR 52.246-8, INSPECTION OF RESEARCH AND DEVELOPMENT—COST-REIMBURSEMENT (APR 1984) clause which provided, as pertinent to the instant motion:

> (h) ...[T]he Government may at any time require the Contractor to remedy by correction or replacement, without cost to the Government, any failure by the Contractor to comply with the requirements of this contract, if the failure is due to (1) fraud, lack of good faith, or willful misconduct on the part of the Contractor's managerial personnel or (2) the conduct of one or more of the Contractor's employees selected or retained by the Contractor after any of the Contractor's management

personnel has reasonable grounds to believe that the employee is habitually careless or unqualified.

(R4, tab 1 at Bates 57)

After months of debating which party bore the costs resulting from DVC's default termination of subcontractor Lonza Hopkinton, Inc. (LHI), to manufacture BOT antigens, unilateral Modification No. P00431 (Mod. 431) directed DVC to perform its proposed change order work to add a subcontractor to complete the work terminated in LHI's subcontract at an additional cost of $4,629,326.19, but at no cost to the government "due to [DVC's] willful managerial misconduct and/or habitual employee carelessness." Mod. 431 cited FAR 52.246-8(h), but did not allege breach of an implied duty of good faith and fair dealing. We decided Mod. 431 was a government claim. *See DynPort Vaccine*, 15-1 BCA ¶ 35,860 at 175,331, 175,333-34.

The government's 31 March 2015 complaint alleged: "Count 1—Habitual Carelessness (FAR 52.246-8(h)(2))"; "Count 2—Lack of Good Faith/Willful Misconduct (FAR 52.246-8(h)(1))"; "Count 3—Breach of Implied Covenant of Good Faith and Fair Dealing" and "51. ...Count 3 arises from the same operative facts as Counts 1 and 2" (compl. at 8, 10, 11). Appellant's answer to paragraph 51 of the complaint stated in pertinent part:

51. ...To the extent any response is deemed necessary, DVC lacks sufficient information to either admit or deny the allegations contained in Paragraph 51 of the Complaint and, accordingly, denies the same and demands strict proof thereof.

(Answer at 10)

## DECISION

Appellant argues that the FAR 52.246-8, INSPECTION OF RESEARCH AND DEVELOPMENT—COST-REIMBURSEMENT clause requires that a government demand for no-cost work must be proven exclusively in accordance with the criteria in paragraph (h)(1) or (2) of that clause, citing *Century Exploration New Orleans, LLC v. United States*, 745 F.3d 1168, 1179 (Fed. Cir. 2014) (the implied duty of good faith and fair dealing "cannot expand a party's contractual duties beyond those in the express contract or create duties inconsistent with the contract's provisions"), which in turn cited *Metcalf Construction Co. v. United States*, 742 F.3d 984, 991 (Fed. Cir. 2014) (an act cannot violate the implied covenant of good faith and fair dealing "if such finding would be at odds with the terms of the original bargain, whether by

2

altering the contract's discernible allocation of risks and benefits or by conflicting with a contract provision.") in support of its motion (app. mot. at 2-3).

The government argues that Count 3 alleges that appellant "failed to take reasonable steps to avoid or to minimize the dire consequences to the government of its subcontractor's default, despite repeated warnings that LHI would be unable to perform," the government did not assume the risk that DVC would not use its best efforts to work with its subcontractor to develop the vaccine, and the R&D Inspection clause gives it a non-monetary contract remedy in specified circumstances but does not bar the government from seeking monetary damages for breach of the duty of good faith and fair dealing equal to DVC's proposed change cost (gov't opp'n at 2-5).

Appellant rejoins that "this appeal does not involve any government claim for money damages," but rather its demand for no-cost work under the R&D Inspection clause. Therefore, it "must be proven in accordance with the terms of that clause" and it "cannot, as a matter of law, prove its case by establishing a breach of the implied duty of good faith and fair dealing." (App. reply br. at 2-3)

Appellant does not cite any language in the FAR 52.246-8 clause or any legal precedent restricting the government's proof to sub-paragraphs (1) and (2) of that clause, nor is any known to the Board. Neither *Century Exploration* nor *Metcalf Construction* addressed our issue of dismissal from a party's pleading a count alleging breach of the implied duty of good faith and fair dealing. In *Century*, though the lessee's complaint did not allege a breach of the implied duty of good faith and fair dealing, the Federal Circuit did not reject the trial court's introduction of that duty into its decision and affirmed its holding that the government did not breach such duty because the lease expressly authorized the government action of issuing new, more onerous regulations under the Outer Continental Shelf Lands Act.

In *Metcalf*, the contractor's sole claim alleged breach of the implied duty of good faith and fair dealing. The Federal Circuit Court vacated the trial court's decision which misinterpreted the implied duty of good faith and fair dealing to require a specific government design (targeting) to reappropriate the benefits that the contractor expected to obtain from the contract transaction. These decisions reflect the substantive rule urged by appellant and stated in the first paragraph of this decision. Appellant points to nothing in Count 3 of the complaint that expands appellant's duties beyond, or conflicting or inconsistent with, its duties specified in the FAR 52.247-8 clause, and no altering of the risks allocated by that clause.

Pursuant to the Contract Disputes Act of 1978 (CDA), the Federal Circuit held in *Scott Timber Co. v. United States*, 333 F.3d 1358, 1365 (Fed. Cir. 2003) that the same claim decided by the CO must be presented to the court; claims do "not require

3

rigid adherence to the exact language or structure of the original administrative CDA claim [when they] arise from the same operative facts, claim essentially the same relief, and merely assert differing legal theories for that recovery." *See also American General Trading & Contracting, WLL*, ASBCA No. 56758, 12-1 BCA ¶ 34,905 at 171,639 ("[A] claimant is free to change the legal theory…from what was described in the claim…if the action continues to arise from the same operative facts that were relied upon in the [claim], and essentially seeks the same relief.").

As summarized above, movant denied that Count 3 arises from the same operative facts as Counts 1 and 2, but identifies no evidence of any new or different operative facts that must be considered to adjudicate Count 3. The Board will not need to review new or unrelated evidence to adjudicate Count 3, which claims essentially the same relief as do Counts 1 and 2: contractor liability for the costs of performing its remedial change order work at no cost to the government.

The government argues that the FAR 52.246-8 clause bars it from seeking monetary damages for breach of the duty of good faith and fair dealing equal to DVC's sum certain proposed change cost (gov't opp'n at 4-5). Indisputably, Mod. 431 did not claim any monetary damages. *See DynPort Vaccine*, 15-1 BCA ¶ 35,860 at 175,332, ¶ 11. Therefore, the Board has no CDA jurisdiction to adjudicate a government monetary claim raised for the first time in its complaint.* *See Optimum Services, Inc.*, ASBCA No. 57575, 13 BCA ¶ 35,412 at 173,726.

Accordingly, we deny appellant's motion to dismiss Count 3.

Dated: 12 August 2015

DAVID W. JAMES, JR.
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

---

* We have already held that the government's claim herein is a claim for "other relief." *DynPort Vaccine*, 15-1 BCA ¶ 35,860 at 175,333.

4

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59298, Appeal of DynPort Vaccine Company LLC, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

5